IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**G&N ENTERPRISE, LLC; SANINNO, LLC**                                      **PLAINTIFFS**

V.                                      CAUSE NO. 3:21-CV-485-CWR-LGI

**AEGLE NUTRITION, LLC**                                      **DEFENDANT**

## ORDER

Before the Court is the defendant's motion to dismiss. Docket No. 9. On review, the motion will be granted in part and denied in part.

**I.     Factual and Procedural History**

The following allegations are drawn from the complaint.

G&N Enterprise, LLC owns the intellectual property to a "unique" hand sanitizer formula called SafMaxx. SanInno, LLC is a sales and marketing company in the public health industry.

When the COVID-19 pandemic hit, G&N and SanInno formed a joint venture to sell hand sanitizer. They then entered into an oral agreement with Aegle Nutrition, LLC to bottle SafMaxx, affix a label on it, and deliver it to locations for sale. "Time was of the essence," the plaintiffs allege. Docket No. 1 at 2.

In this lawsuit, G&N and SanInno claim that something went awry in the bottling process. Not only was the bottled product late, they say, but it was contaminated with a "mucous-like substance of unknown origin." *Id.* at 3. G&N and SanInno were unable to sell any of the SafMaxx. This action followed.

G&N and SanInno's complaint asserts claims for breach of contract, bad faith breach of contract, breach of the implied covenant of good faith and fair dealing, breach of the implied

warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose. The complaint seeks $1 million in damages.

In the present motion, Aegle argues that all of these counts fail to state a viable legal claim.

## II.     Legal Standards

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A satisfactory complaint will "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means that there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

Because diversity jurisdiction is invoked, "the applicable substantive law is that of the forum state, Mississippi. State law is determined by looking to the decisions of the state's highest court." *Delancey v. MedAmerica Ins. Co.*, 248 F. Supp. 3d 782, 784 (S.D. Miss. 2017) (citation omitted).

## III.    Discussion

The briefing on this motion is more than thorough, so the Court will get right to the point: the plaintiffs' breach of contract claims may proceed, while their warranty claims are due to be dismissed.

Aegle first contends that the plaintiffs' breach of contract theory cannot advance because the company fully performed the oral contract, because an invoice contains no "time is of the essence" clause, and because there is no contractual requirement to perform quality control testing.

These arguments fail to persuade. As described in the complaint, the parties' oral agreement contemplated that Aegle would bottle SafMaxx and only SafMaxx—without any contaminants. (Obviously, a contaminated hand sanitizer would not be marketable.) Aegle denies that any contaminant was added in its process, but that is a factual question unsuitable for resolution at this early stage. As Aegle knows, at this juncture the Court must presume that the contamination occurred. That theory of breach must proceed.

Less clear is whether the plaintiffs may advance their theory that Aegle delivered the SafMaxx too late. Aegle urges the Court to look at an invoice which lacks a "time is of the essence" clause. The plaintiffs, however, urge that the invoice is not the contract. The Court concludes that this issue should be deferred until after discovery, when all involved have a better understanding of what exactly the terms of this contract were and how the conduct of the parties should be considered. *See* Docket No. 14 at 4.

Aegle next asserts that the plaintiffs' bad faith and implied covenant claims necessarily fail alongside the breach of contract claim, and that they are substantively deficient. The complaint, though, amply lays out a plausible bad faith claim when it describes Aegle as continuing to bottle a product it knew to be contaminated. *See Am. Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1206 (Miss. 2001) (defining breach of good faith).

Finally, Aegle argues that the warranty claims must be dismissed because the company was providing a service rather than a good. On this, the Court agrees. As outlined in the

complaint, Aegle is not "a merchant with respect to goods of that kind," *i.e.*, hand sanitizer, so the implied warranty of merchantability does not apply. Miss. Code Ann. § 75-2-314(1). The Mississippi statute defining the implied warranty of fitness for a particular purpose is unavailing for essentially the same reason; it speaks to "goods" rather than services. *Id.* § 75-2-315.

### IV.     Conclusion

The motion is granted in part and denied in part.

**SO ORDERED**, this the 31st day of March, 2022.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE